1  Kevin Mahoney (SBN: 235367)
   kmahoney@mahoney-law.net
2  Sam Kim (SBN: 258467)
   skim@mahoney-law.net
3  Nicholas Poper (SBN: 293900)
   npoper@mahoney-law.net
4  **MAHONEY LAW GROUP, APC**
   249 East Ocean Boulevard, Suite 814
5  Long Beach, California 90802
   Telephone: 562.590.5550
6  Facsimile: 562.590.8400

7  *Attorneys for Plaintiff Clarence Walder and Sheila Walder,*
   *Individually and on behalf of those similarly situated*
8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 25 2014

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

9
   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
   **FOR THE COUNTY OF LOS ANGELES**
11

12  Clarence Walder, Sheila Walder individually     Case No.    B C 5 4 3 7 6 4
13  and on behalf of all others similarly situated,
                                                    **COMPLAINT**
14              Plaintiff,
                                                    [COLLECTIVE AND CLASS ACTION]
15
                v.                                  1. Violation of Fair Labor Standards Act,
16                                                     29 U.S.C. § 207 (Unpaid Overtime)
    Gladstone Business Investment, LLC, a          2. Violation of Fair Labor Standard Act,
17  Delaware Company, George McCabe, an               29 U.S.C. § 206 (Unpaid Minimum
    individual, Gladstone Capital Corporation, a      Wages)
18  Maryland Corporation, Gladstone Investment     3. Misclassification as Independent
    Corporation, a Delaware Corporation, Pine         Contractors
19  Creek Partners, a Delaware Limited Liability   4. Failure to Pay Minimum Wages
    Company, PharMerica Corporation, a            5. Failure to Pay Overtime Wages
20  Kentucky Corporation, and Factory Motor       6. Failure to Provide Meal Periods
    Parts, a Minnesota Corporation and Does 1     7. Failure to Provide Rest Periods
21  through 50                                     8. Failure to Keep Accurate Payroll
22                                                    Records
                                                   9. Failure to Pay Wages Upon Ending
23              Defendants.                           Employment
                                                   10. Failure To Reimburse For
24                                                     Necessary Expenditure
                                                       (Labor Code 2802)
25                                                 11. Unfair Competition (Business and
                                                       Professions Code § 17200 et seq.)
26
27                                                 **DEMAND FOR JURY TRIAL**
28

1
PLAINTFFS' CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT A-1**

**I.**

**PRELIMINARY STATEMENT**

1. This case arises out of the Defendants intentional misclassification of Plaintiffs and similarly situated individuals as Independent Contractors, thereby failing to compensate Plaintiffs and similarly situated individuals for all hours worked including straight time, overtime and double-time wages. Defendants consist of Gladstone Business Investment, LLC, George McCabe, Gladstone Capital Corporation, Gladstone Investment Corp, Pine Creek Partners, PharMerica Corporation and Factory Motor Parts (hereinafter ""GBI," "GM," "GCC," "GIC," "PCP""PC" and "FMP" or "Defendants" collectively) Plaintiffs and similarly situated individuals seek wages that Defendants have failed and/or refused to pay as a result of their intentional and collective misclassification of Plaintiffs and the similarly situated individuals as Independent Contractors.

2. Through this action, Plaintiffs and other similarly situated individuals seek recovery of damages for Defendants' failure to pay overtime wages pursuant 29 U.S.C. § 207 and failed to pay minimum wages pursuant to 29 U.S.C. § 206, by reason of Defendants' intentional misclassification of Plaintiffs and similarly situated individuals as Independent Contractors.

3. Through this action, Plaintiffs and other similarly situated individuals seeks recovery of damages as a result of Defendants' intentional and collective misclassification of Plaintiffs and other similarly situated individuals as Independent Contractors, thereby resulting in Defendants violating various California Labor Code sections for failure to pay all wages, failure to pay overtime wages, failure to allow meal and rest breaks, failure to failure to keep pay wages upon the end of the employment, failure to keep accurate wage statements, and for violation of California Business and Professions Code, for Unfair Business Practices.

**II.**

**JURISDICTION AND VENUE**

4. Venue is proper in this Judicial district and the County of Los Angeles, because the Defendant maintain their locations and transact business in this county, the obligations and liability arise in this county, and work was performed by Plaintiff and members of the proposed class made the subject of this action in the County of Los Angeles, California.

2

**EXHIBIT A-1**

1    5.      The California Superior Court has jurisdiction in the matter because the individual claims are

2    under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and, upon

3    information and belief, Plaintiff and Defendant is residents of and/or domiciled in the State of California.

4    Further, there is no federal question at issue as the issues herein is based solely on California Statutes

5    and law including the California Labor Code, Industrial Welfare Commission Wage Orders, Code of

6    Civil Procedure, Rule of Court, and Business and Professions Code.

## III.

## THE PARTIES

### A.      The Plaintiffs

10   6.      Individual and Representative Plaintiffs Clarence Walder and Sheila Walder are individuals

11   residing in Colton, California (San Bernardino County).

12   7.      Plaintiffs worked for Defendants in Monrovia, California (Los Angeles County) and were

13   misclassified as Independent Contractors by the Defendants for at least four years prior to the

14   commencement of this action.

### B.      The Defendants

16   8.      Plaintiffs are informed and believe, and based thereon alleges, that Defendant Gladstone LLC is

17   a foreign Limited Liability Company organized under the laws of the State of Delaware and is and/or

18   was the employer of the Plaintiffs and the Plaintiffs' Class during the Class Period.

19   9.      Plaintiffs are informed and believe, and based thereon alleges, that Defendant George McCabe,

20   is an individual and is and/or was the employer of the Plaintiffs and Plaintiffs' Class during the Class

21   Period.

22   10.     Plaintiffs are informed and believe, and based thereon alleges, that Defendant Gladstone Capital

23   Corporation, is a foreign Corporation organized under the laws of the Maryland and is and/or was the

24   employer of the Plaintiffs and Plaintiff's Class during the Class Period.

25   11.     Plaintiffs are informed and believe, and based thereon alleges, that Defendant Gladstone

26   Investment Corp., is a foreign Corporation organized under the laws of the Delaware and is and/or was

27   the employer of the Plaintiffs and Plaintiffs' Class during the Class Period.

28   ///

3
PLAINTFFS' CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT A-1**

///

12.  Plaintiffs are informed and believe, and based thereon alleges, that Defendant Pine Creek Partners is a foreign Limited Liability Company organized under the laws of the Delaware and is and/or was the employer of the Plaintiffs and Plaintiffs' Class during the Class Period.

13.  Plaintiffs are informed and believe, and based thereon alleges, that Defendant PharMerica is a foreign Corporation organized under the laws of Kentucky and is and/or was the employer of the Plaintiffs and Plaintiffs' Class during the Class Period.

14.  Plaintiffs are informed and believe, and based thereon alleges, that Defendant Factory Motor Parts is a foreign Corporation organized under the laws of the Minnesota and is and/or was the employer of the Plaintiffs and Plaintiffs' Class during the Class Period.

15.  Plaintiffs are ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief allege that said Defendants are legally responsible for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

16.  Plaintiffs are informed and believe, and based thereon alleges, that each Defendant herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venture of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed and believes that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## IV.

## COLLECTIVE ACTION ALLEGATIONS

17.  Pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other members of the general public similarly situated (hereinafter "Nationwide Collective Class"), and thus seeks to prosecute the FLSA claims as a collective action on behalf of:

///

**EXHIBIT A-1**

1      All current and former individuals who were misclassified as an independent contractor who

2      worked for Defendant at any time during the period of three years prior to the filing of this

3      Complaint to the present and chose to opt-in to this action (the "Nationwide Collective Class")

4   18.   Plaintiffs bring this action on behalf of the Nationwide Collective Class as a collective action

5   pursuant to 29 U.S.C. § 216 (b).

6   19.   Plaintiff consents in writing to opt-in to this action, as required by 29 U.S.C. § 216 (b). Like

7   Plaintiffs, each potential member of this Nationwide Collective Class must sign a written consent to join

8   this action, indicating a willingness to participate in the lawsuit and be bound by the outcome as an "opt-

9   in" plaintiff.

10  20.   Notice of the pendency and any resolution of this action can be provided to potential members of

11  the Nationwide Collective Class by mail, print, and/or internet publication.

12  21.   There is a well-defined community of interest in the litigation and the potential members of the

13  Nationwide Collective Class are readily ascertainable.

14  22.   There are common questions of law and fact as to the Nationwide Collective Class that

15  predominate over questions affecting only individual members, including but not limited to:

16      a. Whether Defendants misclassified the Plaintiffs and the Nationwide Collective Class Members

17         as Independent Contractors;

18      b. Whether Plaintiffs and the Nationwide Collective Class were employees of Defendants;

19      c. Whether Defendants required Plaintiffs and the Nationwide Collective Class to work over

20         forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff

21         and the Nationwide Collective Class Members;

22      d. Whether Defendants failed to pay minimum wages to Plaintiffs and the

23         Nationwide Collective Class members;

24      e. Whether Defendants conduct was willful, and

25      f. Whether Plaintiffs and the Nationwide Collective Class members have sustained

26         damages, and if so, what is the proper measure of those damages.

27  ///

28  ///

**EXHIBIT A-1**

V.

## CLASS ALLEGATIONS FOR CALIFORNIA CLASS

23.    Plaintiffs brings this suit as a class action pursuant to CCP §382 on behalf of themselves and all other similarly situated individuals who were misclassified as an Independent Contractor and worked for Defendant in California (hereinafter "California Class"), which is composed of and defined as follows:

A. All persons who worked as drivers for Defendants in the State of California who for the four (4) years prior to the filing of this class action to the date of judgment who were misclassified as Independent Contractors and were not paid all wages owed, including but not limited to minimum wage and overtime premiums.

B. All persons who worked as drivers for defendants from four years prior to the filing of this action through the date of judgment, who were misclassified as Independent Contractors and have not been provided compliant meal periods.

C. All persons who worked as drivers for Defendants in the State of California who, from four (4) years prior to the filing of this class action through the date of judgment who were misclassified as Independent Contractors and have not been provided a rest period for every hours or major faction thereof worked per day.

D. All persons who worked as drivers for Defendants in the State of California who, for the three (3) years prior to filing of this class action through to the date of judgment were misclassified as Independent Contractors and have been terminated or resigned, and have not been paid wages pursuant to Labor Code § 203 and are owed waiting time penalties for unpaid wages;

E. All persons who worked as drivers for Defendants in the state of California who, for one (1) year prior to the filing of this action through to the date of judgment were misclassified as Independent Contractors and were not provided accurate payroll record as required under Labor Code § 226 and Labor Code §1174.

F. All persons who worked as drivers for Defendants in the State of California who, for the four (4) years prior to the filing of this class action to the date of judgment who were misclassified

6

**EXHIBIT A-1**

1          as Independent Contractors who were not reimbursed for necessary business expenditures

2          under Labor Code §2802.

3    24.   Plaintiffs reserve the right under Rule 3.764, California Rules of Court, to amend or modify the

4    Class description with greater specificity or further division into subclasses or limitation to particular

5    issues.

6    25.   This action has been brought and may be maintained as a class action pursuant to Code of Civil

7    Procedure § 382 because there is a well-defined common interest of many persons and it is impractical to

8    bring them all before the court.

9    26.   This Court should permit this action to be maintained as a class action pursuant to California

10   Code of Civil Procedure § 382 because:

11         (a)    The questions of law and fact common to the Class predominate over any question

12         affecting only individual members;

13         (b)    A class action is superior to any other available method for the fair and efficient

14         adjudication of the claims of the members of the Class;

15         (c)    The Class is so numerous that it is impractical to bring all member of the Class

16         before the Court;

17         (d)    Plaintiff and the other members of the Class will not be able to obtain effective

18         and economic legal redress unless the action is maintained as a class action;

19         (e) Plaintiff and the other members of the Class will not be able to obtain effective and

20         economic legal redress unless the action is maintained as a class action;

21         (f)    There is a community of interest in obtaining appropriate legal and equitable relief

22         for the common law and statutory violations and other improprieties, and in obtaining

23         adequate compensation for the damages and injuries which Defendants' actions have

24         inflicted upon the Class;

25         (g)    There is a community of interest in ensuring that the combined assets and

26         available insurance of the Defendants are sufficient to adequately compensate members of

27         the Class for the injuries sustained;

28   ///

7
PLAINTFFS' CLASS ACTION COMP LAINT FOR DAMAGES

**EXHIBIT A-1**

1       (h)    Without class certification, the prosecution of separate actions by individual

2   members of the Class would create a risk of:

3       (1)    Inconsistent or varying adjudications with respect to individual members of the

4             Class which would establish incompatible standards of conduct for the Defendants;

5             and/or

6       (2)    Adjudications with respect to the individual members which would, as a practical

7             matter, be dispositive of the interests of other members not parties to the

8             adjudications, or would substantially impair or impede their ability to protect their

9             interests, including but not limited to the potential for exhausting the funds

10            available from those parties who are, or may be, responsible Defendants; and

11      (i)    Defendants have acted or refused to act on grounds generally applicable to the

12  Class, thereby making final injunctive relief appropriate with respect to the Class as a

13  whole.

14                      **VI.**

15                **GENERAL ALLEGATIONS**

16  27.    At all relevant times set forth, Defendants misclassified Plaintiffs and other persons as

17  Independent Contractors.

18  28.    Defendants continue to misclassify individuals nationwide, including in California.

19  29.    Plaintiffs are informed and believe, and based thereon allege, that at all time herein mentioned,

20  Defendants along with and/or, by and through their co-conspirator(s), specifically, Aspen Contracting

21  California, LLC and Noble Logistics Inc. who have currently filed for bankruptcy, case no 14-10442-

22  CSS, were advised by skilled lawyers and other professionals, employees and advisors knowledgeable

23  about Federal labor law and wage law, employment and personnel practices, and about the requirements

24  of Federal law.

25  30.    Plaintiffs are informed and believe, and based thereon allege, that Defendants along with, and/or

26  by and through their co-conspirator(s) Aspen Contracting California, LLC and Noble Logistics, Inc.

27  knew or should have known that Plaintiffs and the Nationwide Collective Class members were

28  employees.

**EXHIBIT A-1**

31.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the Nationwide Collective Class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation pursuant to 29 U.S.C. §207(a)(1).

32.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the Nationwide Collective Class members were entitled to receive at least minimum wages and that they were not receiving at least minimum wages for compensation for all hours worked pursuant to 29 U.S.C. §206.

33.     Plaintiffs are informed and believe, and based thereon allege, that Defendants along with, and/or by and through their co-conspirator(s) Aspen Contracting California, LLC and Noble Logistics, Inc., intentionally misclassified Plaintiffs and the California Class as Independent Contractors in order to avoid paying Plaintiffs and the California Class all wages due, including both regular and overtime wages, all in violation of Cal. Labor Code §§ 510 and 1194.

34.     Plaintiffs are informed and believe, and based thereon allege, that Defendants along with, and/or by and through their co-conspirator(s) Aspen Contracting California, LLC and Noble Logistics, Inc., intentionally misclassified Plaintiffs and the California Class as Independent Contractors in order to avoid providing Plaintiffs and the California Class meal and rest period or compensation in lieu thereof, all in violation of Cal. Labor Code 226.7, 512, Sections 11 and 12 of the IWC Wage Orders, and Cal. Code Regs., Title 8, § 11000 et seq.

35.     Plaintiffs are informed and believe, and based thereon allege, that as a result of Defendants' intentional and unlawful misclassification of Plaintiffs and the California Class as Independent Contractors, Defendants failed to pay wages of upon the ending of Plaintiffs and the California Class' employment, in violation of Cal. Labor Code §§ 201-203.

36.     Plaintiffs are informed and believe, and based thereon allege, that as a result of Defendants' intentional and unlawful misclassification of Plaintiffs and the California Class as Independent Contractors, Defendants failed to provide accurate itemized wage statements upon payment of wages pursuant to Cal. Labor Code § 226(a), 1174, 1175, and § 7 of the IWC Wage Orders.

///

**EXHIBIT A-1**

37.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the California Class members were entitled reimbursement of all necessary business-related expenses and that they were not receiving reimbursement of all necessary business-related expenses as required under Cal. Labor Code §2802.

38.     Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs and the Nationwide Collective Class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs and the Nationwide Collective Class members that they were properly classified as Independent Contractors, all in order to increase Defendants' profits.

## VII.

## FIRST CLAIM FOR RELIEF

## Violation of the Fair Labor Standards Act, 29 U.S.C. § 207

## (PLAINTIFFS AND NATIONWIDE COLLECTIVE CLASS)

39.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

40.     The FLSA, 29 U.S.C. § 207(a)(1), provides in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

41.     At all relevant times, Plaintiffs and the Nationwide Collective Class members worked in excess of forty hours in a work week; however, the proper overtime compensation was never paid by Defendants.

42.     At all relevant times as set forth herein, Defendants' failure to pay Plaintiffs and the Nationwide Collective Class members the unpaid balance of overtime compensation, violation of 29 C.F.R. 516.2, and by imposing business expenses on them and failing to fully reimburse them for all necessary business-related expenses incurred by Plaintiffs and the Nationwide Collective Class, as required by the

**EXHIBIT A-1**

1   FLSA, violated the provisions of the FLSA and was therefore unlawful. Moreover, Defendants' failure to

2   pay Plaintiffs and the Nationwide Collective Class members overtime compensation and failure to

3   reimburse all necessary business-related expenses was and is a result of a single, uniform policy or

4   practice to misclassify them as Independent Contractors all for the purposed of denying overtime

5   compensation to them.

6   43.   At all relevant times as set forth herein, Defendants' failure to pay Plaintiff and the Nationwide

7   Collective Class members was the result of Defendants' willful, knowing, and intentional violation of the

8   provisions of the FLSA, or alternatively, Defendants' reckless disregard for the requirements of those

9   provisions.

10  44.   Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs and the Nationwide Collective Class

11  members are entitled to recover their unpaid overtime compensation as well as liquidated damages equal

12  to the amount of unpaid compensation, interest, costs, and attorneys' fees.

13  **VIII.**

14  **SECOND CLAIM FOR RELIEF**

15  **Violation of the Fair Labor Standards Act, 29 U.S.C. § 206**

16  **(PLAINTIFFS AND NATIONWIDE COLLECTIVE CLASS)**

17  45.   Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained

18  in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

19  46.   Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs and the Nationwide Collective Class members

20  were entitled to receive minimum wages for all hours worked.

21  47.   At all relevant times as set forth herein, Defendants violated Plaintiffs and the Nationwide

22  Collective Class members' rights by failing to pay to pay them minimum wages for all hours worked, by

23  violating 29 C.F.R. 516.2, and by imposing business expenses on them and failing to fully reimburse

24  them for all necessary business-related expenses.

25  48.   At all relevant times as set forth herein, Defendants' failure to pay Plaintiffs and the Nationwide

26  Collective Class members' minimum wages for all hours worked and failing to fully reimburse all

27  necessary business-related expenses, as required by the FLSA, violated the provisions of the FLSA and

28  was therefore unlawful. Moreover, Defendants' failure to pay Plaintiff and the Nationwide Collective

**EXHIBIT A-1**

1   Class members minimum wages and failure to reimburse all necessary business-related expenses, was

2   and is a result of a single, uniform policy or practice to deny minimum wage compensation to them.

3   49.  At all relevant times as set forth herein, Defendants' failure to pay Plaintiff and the Nationwide

4   Collective Class members was the result of Defendants' willful, knowing, and intentional violation of the

5   provisions of the FLSA, or alternatively, Defendants' reckless disregard for the requirements of those

6   provisions.

7   50.  As a result of Defendants' unlawful conduct, Plaintiff and the Nationwide Collective Class

8   members have suffered damages in an amount, subject to proof, to the extent they were not paid

9   minimum wages for all hours actually worked.

10   51.  Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and the Nationwide Collective Class

11   members are entitled to recover the full amount of unpaid minimum wages as well as liquidated damages

12   equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

13                               **IX.**

14                    **THIRD CLAIM FOR RELIEF**

15       **MISCLASSIFICATION AS INDEPENDENT CONTRACTORS**

16         **(On Behalf of the Plaintiffs and the California Class)**

17                **(Against All Defendants)**

18   52.  Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained

19   in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

20   53.  Specifically, Labor Code §2750.5 states in pertinent part: "Proof of independent contractor status

21   includes satisfactory proof of these factors:

22       a. That the individual has the right to control and discretion as to the manner of

23          performance of the contract for services in that the result of the work and not the

24          means by which it is accomplished is the primary factor bargained for.

25       b. That the individual is customarily engaged in an independently established

26          business.

27       c. That the individual's independent contractor status is bona fide and not a

28          subterfuge to avoid employee status. A bona fide independent contractor status

**EXHIBIT A-1**

1         is further evidenced by the presence of cumulative factors such as substantial

2         investment other than personal services in the business, holding out to be in

3         business for oneself, bargaining for a contract to complete a specific project for

4         compensation by project rather than by time, control over the time and place the

5         work is performed, supplying the tools and instrumentalities normally and

6         customarily provided by employees, hiring employees, performing work that is

7         not ordinarily in the course of the principal's work, performing work that

8         requires a particular skill, holding a license pursuant to the Business and

9         Professions Code, the intent by the parties that the work relationship is of an

10         independent contractor status, or that the relationship is not severable or

11         terminable at will by the principal but gives rise to an action for the breach of

12         contract."

13  54.    Plaintiffs and the California Class who performed work for Defendants do not meet the criteria

14 listed in paragraph 53 in that Plaintiffs and the California Class do not have the right to control or the

15 discretion in performing their job duties. Defendant controls the routes, pay, and timing of deliveries.

16 Plaintiffs and the Class do not have an independent business. Rather, Defendant uses the Independent

17 Contractor status as a subterfuge to avoid the payment of minimum wages and overtime premium

18 payments.

19  55.    Defendants, as a matter of established company policy and procedure, at each and every one of

20 the individual facilities owned and/or operated by Defendants, consistently:

21         a. Administered a uniform company policy and practice regarding the duties and

22            responsibilities of the members of the Class, including but not limited to

23            assigning routes, delivery times, and pricing for deliveries;

24         b. Administered a uniform company policy and practice regarding the payment of

25            wages to the members of the Class, including but not limited to, pre-assigned

26            piece rate payments for deliveries to the pre-assigned routes;

27         c. Had and/or have numerous manuals, letters, correspondence, policy handbooks

28            and the like which taken together constitute, created or comprise, a written

**EXHIBIT A-1**

1       contract for employment with each of the members of the Class;

2          d. Treated the members of the Class as "Independent Contractors" to avoid the

3             payment of wages and other benefits in violation of the Labor Code and IWC

4             Wage Orders;

5          e. Acted as if they had the right to, and in fact did control the work performed by,

6             and/or the manner and/or means in which the work was performed by the

7             members of the Class, including but not limited to requiring the Drivers to use

8             company scanners, paperwork and uniforms; and

9          f. Disseminated false information throughout Defendants' facilities and amongst

10            Defendants' employees reciting that, under Defendants' labor policies and

11            practices and under California law, the members of the Class were properly

12            classified as "Independent Contractors" and not entitled to Defendant's

13            employment benefits, including the payment of overtime and meal periods.

14   56.    The members of the Class were inappropriately misclassified by Defendants as "Independent

15   Contractors," because:

16         a. The members of the Class, and each of them, did not in fact have the right to

17            control and discretion as to the manner of performance of their services in that

18            the manner by which their work is and was accomplished was monitored in an

19            amount equal to the result of their work;

20         b. The members of the Class, and each of them, were not customarily engaged in

21            an independently established business;

22         c. Defendants' "independent contractor" status regarding the members of the Class,

23            and each of them, was not bona fide and was in fact a subterfuge by Defendant

24            to avoid granting employee status to the members of the Independent Contractor

25            Class, and each of them;

26         d. The members of the Class, and each of them, did not meet the bona fide

27            Independent Contractor status in that they did not ordinarily and customarily:

28            i)  substantially invest other than personal services in the business;

14
PLAINTFFS' CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT A-1**

1         ii) hold out to be in business for themselves;

2         iii)bargain for contracts to complete a specific project for compensation by

3             project rather than by time;

4         iv) control the time and place their work is performed;

5         v) supply the tools and instrumentalities normally and customarily provided by

6             employers;

7         vi) hire employees;

8         vii) perform work that is not ordinarily in the course of the principal's work;

9         viii) perform work that requires a particular skill;

10        ix) hold a license pursuant to the Business and Professions Code;

11        x) intend a work relationship of an independent contractor status; and/or

12        xi) intend a work relationship that is not severable or terminable at will by the

13            principal but gives rise to an action for the breach of contract.

14   57.     Defendants' pattern, practice and uniform administration of corporate policy regarding illegal

15 employment classification as described herein is unlawful and creates an entitlement to recovery by the

16 members of the Class, in a civil action, for reimbursement of the appropriate withholding of federal, state,

17 and local income taxes based upon a flat withholding rate for supplemental wage payments in accordance

18 with Treas. Reg. §31.3402(g) 1(a)(2) as amended or supplemented, and any corresponding state or local

19 law, and the Class Members' share of FICA, Medicare, and state and local employment taxes that was

20 improperly not paid by Defendants as a result of the "Independent Contractor" classification.

21 **FOURTH CLAIM FOR RELIEF**

22 **FAILURE TO PAY MINIMUM WAGES**

23 **(PLAINTIFFS AND CALIFORNIA CLASS)**

24   58.     Plaintiff hereby incorporates each and every allegation contained above, and re-alleges said

25 allegations as if fully set forth herein.

26   59.     California Labor Code § 1194(a) states:

27         Notwithstanding any agreement to work for a lesser wage, any employee receiving less

28         than the legal minimum wage or the legal overtime compensation applicable to the

**EXHIBIT A-1**

1    employee is entitled to recover in a civil action the unpaid balance of the full amount
2    of this minimum wage or overtime compensation, including interest thereon, reasonable
3    attorney's fees, and costs of suit.

4    60.    At all times relevant, Defendants have failed to pay Plaintiffs and Plaintiff Class minimum wage
5    for all of the hours they have worked in violation of the Labor Code and IWC Wage Orders.

6    61.    In particular, Defendants' compensation scheme fails to properly pay Plaintiff and Plaintiff Class
7    for many work-related activities, including time spent providing in-home care to Defendant's customers
8    over and above their required 12 hour work days.

9    62.    Defendants' failure to pay Plaintiff and Plaintiff Class the minimum wage for all hours worked
10   violates the California Labor Code and IWC Wage Orders, and Plaintiffs, on behalf of themselves and
11   Plaintiff Class, seeks compensation for all unpaid straight time for the time period relevant herein as well
12   as attorneys' fees and costs.

13   63.    California Labor Code § 1194.2(a) states:

14         (a) In any action under Section 1193.6 or Section 1194 to recover wages because
15         of the payment of a wage less than the minimum wage fixed by an order of the
16         commission, an employee shall be entitled to recover liquidated damages in an
17         amount equal to the wages unlawfully unpaid and interest thereon. Nothing in
18         this subdivision shall be construed to authorize the recovery of liquidated
19         damages for failure to pay overtime compensation.

20   64.    Plaintiffs and Plaintiff Class are not paid the minimum wage for all hours worked and are not
21   paid overtime wages at one and one-half times their regular rate of pay for hours worked in excess of 12
22   per day in violation of California Labor Code § 1194(a).

23   65.    Pursuant to California Labor Code § 1194.2(a), Plaintiffs and Plaintiff Class are entitled to
24   recover liquidated damages in the amount of any unpaid wages for the above stated uncompensated time
25   worked, plus interest on that amount, plus reasonable attorneys' fees and costs.

26   ///
27   ///
28   ///

16
PLAINTFFS' CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT A-1**

X.

## FIFTH CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME WAGES

## (PLAINTIFFS AND CALIFORNIA CLASS)

66.     Plaintiffs and Plaintiffs Class incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

67.     Plaintiffs and the California Class were intentionally and improperly misclassified as Independent Contractors. As a result of Defendants intentional and unlawful misclassification of Plaintiffs and the California Class, Plaintiffs and the California Class regularly worked over eight (8) hours per day and forty (40) hours per week. Defendants failed to pay Plaintiff, and the California Class members overtime premium for hours worked in excess of over eight (8) hours per day and forty (40) hours per week for work performed for the Defendants. Defendants failed to schedule Plaintiffs and the California Class members in such a manner that allowed Plaintiffs and the California Class members to be relieved of their shift immediately, thereby causing Plaintiff and the California Class members to work in excess of eight (8) hours per day and/or forty (40) hours per week. Defendant also required Plaintiff and the California Class members to attend weekly meeting which caused them to work in excess of eight (8) hours per day and/or forty (40) hours per week for which they were not paid an overtime premium. As such Plaintiffs and the California Class seek overtime in an amount according to proof. Pursuant to *Labor Code* § 1194, the California Class seeks the payment of all overtime compensation which they earned and accrued four (4) years prior to filing this complaint, according to proof.

68.     Additionally, Plaintiffs and the California Class members are entitled to attorney's fees, costs, pursuant to California Labor Code § 1194 and prejudgment interest.

///
///
///
///
///

17

**EXHIBIT A-1**

1

**XI.**

2

**SIXTH CLAIM FOR RELIEF**

3

**FAILURE TO PROVIDE MEAL PERIOD OR COMPENSATION IN LIEU THEREOF**

4

**(PLAINTIFFS AND CALIFORNIA CLASS)**

5   69.   Plaintiffs and Plaintiffs Class incorporate by reference and re-allege each and every one of the

6   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth

7   herein.

8   70.   Labor Code §§226.7 and 512, provides that no employer shall employ any person for a work

9   period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or

10  employ any person for a work period of more than ten (10) hours without a second (2nd) meal period of

11  not less than thirty (30) minutes.

12  71.   Labor Code § 226.7 provides that if an employer fails to provide an employee a meal period in

13  accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's

14  regular rate of compensation for each workday that the meal period is not provided in accordance with

15  this section.

16  72.   Defendant, intentionally and unlawfully misclassified Plaintiffs and the California Class as

17  Independent Contractors. As a result of Defendants' intentional and unlawful misclassification of

18  Plaintiffs and the California Class, Defendants failed to schedule Plaintiffs and similarly situated persons

19  in an overlapping manner so as to reasonably ensure Plaintiffs and the California Class could take and/or

20  receive such meal periods within the statutory timeframe. As a result, Plaintiff and the California Class

21  were often forced to forego a meal period and/or work during their meal period. In so doing, Defendants

22  have intentionally and improperly denied meal periods to the Plaintiffs and the California Class in

23  violation of Labor Code §§226.7 and 512 and other regulations and statutes.

24  73.   At all times relevant hereto, Plaintiffs and the California Class have worked more than five (5)

25  hours in a workday.

26  74.   At varying times relevant hereto, Plaintiffs at times have worked more than ten (10) hours in a

27  workday.

28  ///

18

**EXHIBIT A-1**

1  75.    At all times relevant hereto, the Defendants, and each of them, due their intentional and unlawful

2  misclassification, and the resulting failure to schedule Plaintiffs and similarly situated persons in a

3  manner so as to reasonably provide meal and/or work free meal period as required by Labor Code §§

4  226.7 and 512.

5  76.    By virtue of the Defendants' failure to schedule Plaintiff and the California Class in such a way

6  as to provide a meal period, and/or work free meal period to the Plaintiff and the California Class thereby

7  causing Plaintiff and the California Class to suffer, and will continue to suffer, damages in the amounts

8  which is presently unknown, but which exceed the jurisdictional limits of this Court and which will be

9  ascertained according to proof at trial.

10  77.    Plaintiffs individually, and on behalf of the California Class, requests recovery of meal period

11  compensation pursuant to Labor Code §226.7 which they is owed beginning four (4) years prior to filing

12  this complaint as well as the assessment of any statutory penalties against the Defendants, and each of

13  them, in a sum as provided by the Labor Code and/or other statutes.

14  78.    Further, Plaintiffs and the California Class is entitled to seek and recover reasonable attorneys'

15  fees and costs pursuant to Labor Code §§ 218.5.

16                                                **XII.**

17                                  **SEVENTH CLAIM FOR RELIEF**

18  **FAILURE TO PROVIDE REST PERIOD OR COMPENSATION IN LIEU THEREOF**

19                        **(PLAINTIFFS AND CALIFORNIA CLASS)**

20  79.    Plaintiffs and Plaintiffs Class incorporate by reference and re-allege each and every one of the

21  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth

22  herein.

23  80.    Labor Code §226.7 provides that employers authorize and permit all employees to take rest

24  periods at the rate of ten (10) minutes rest time per four (4) work hours.

25  81.    Labor Code §226.7(b) provides that if an employer fails to provide and employee rest periods in

26  accordance with this section, the employer shall pay the employee one (1) hour of pay at the employees

27  regular rate of compensation for each workday that the rest period is not provided.

28  ///

19
PLAINTFFS' CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT A-1**

82. As a result of Defendants intentional and unlawful misclassification of Plaintiffs and the California Class, Defendants, failed and or refused to implement a relief system by which Plaintiffs and the California Class members could receive rest breaks and/or work free rest breaks. Furthermore, due to Defendants' failure to provide a relief system, Plaintiffs and the California Class members did not receive rest breaks within the required statutory time frame if at all. By and through their actions, Defendants intentionally and improperly denied rest periods to the Plaintiffs and the California Class in violation of Labor Code §§226.7 and 512.

83. At all times relevant hereto, the Plaintiffs and the California Class, have worked more than four (4) hours in a workday.

84. By virtue of the Defendants' intentional and unlawful misclassification, and their resulting failure to provide rest periods to Plaintiffs and the California Class as a result of failure to provide a shift relief system, Plaintiff and the California Class have suffered, and will continue to suffer, damages, in amounts which is presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

85. Plaintiffs, individually, and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to Labor Code §226.7, which they are owed beginning four (4) years prior to filing this complaint as well as the assessment of any statutory penalties against the Defendant, in a sum as provided by the Labor Code and/or any other statute. Further, the Plaintiff and Plaintiff Class is entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§218.5 and 1194.

## XIII.

## EIGTH CLAIM FOR RELIEF

## FAILURE TO KEEP ACCURATE PAYROLL RECORDS (LABOR CODE §1174/226)

## (PLAINTFFS AND CALIFORNIA CLASS)

86. Plaintiffs and Plaintiffs Class incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

///

20
PLAINTFFS' CLASS ACTION COMPLAINT FOR DAMAGES

**EXHIBIT A-1**

87.    Labor Code §1174(d), requires an employer to keep at a central location in California or at the plant or establishment at which the employees is employed, payroll records showing the hours worked daily, and the wages paid to, each employee. Plaintiffs are informed and believe that Defendants willfully failed to make or keep accurate records for Plaintiffs and the California Class as a result of Defendants' intentional and unlawful misclassification of Plaintiffs and the California Class as Independent Contractors.

88.    IWC Wage Order No.9-2001, paragraph 7(a) requires that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work periods, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay. Plaintiffs are informed and believe that Defendants willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiffs and the California Class as a result of their intentional and unlawful misclassification of Plaintiffs and the California Class. Specifically, Plaintiff believes that Defendants records do not accurately reflect all hours worked, as well as where Plaintiffs and the California Class worked during their meal and/or rest breaks. Furthermore, Defendants records do not reflect all hours worked.

89.    Plaintiffs are informed and believe that Defendant' failure to keep accurate payroll records, as described above, violated Labor Code § 1174(d) and the applicable wage order. Plaintiffs and the California Class are entitled to penalties of $100.00 and for the initial violation and $200.00 for each subsequent violation for every pay period during which these records and information was not kept by Defendants.

90.    Plaintiffs are informed and believe that Defendants' failure to keep and maintain accurate records and information, as described above, was willful, and Plaintiffs and the California Class are entitled to a statutory penalty of $500.00 for Plaintiff and each Class member pursuant to Labor Code § 1174.5. Furthermore, Defendant intentionally and knowingly fails/failed to provide Plaintiff and the Class with an itemized statement that fulfills the requirements of Labor Code § 226 in that it does not provide Plaintiff and the Class with an accurate accounting of earned wages, rates of pay, total hours worked, the name of the employer, or applicable deductions, all to the detriment and causes injury to plaintiff and the members of the class

**EXHIBIT A-1**

XIV.

## NINTH CLAIM FOR RELIEF

### FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES
### (PLAINTIFFS AND CALIFORNIA CLASS)

91.     Plaintiffs and Plaintiffs Class incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

92.     As a result of Defendants intentional and unlawful misclassification of Plaintiffs and the California Class, Plaintiffs and the California Class were not paid their earned wages. Defendants refused and/or failed to promptly compensate Plaintiffs and the California Class wages owed as a result of Defendants requiring Plaintiff and the California Class to work as independent contractors.

93.     Plaintiffs and/or the members of the California Class who ended their employment with the Defendant during the Class Period, were entitled to be promptly paid for all hours worked, lawful overtime compensation and other premiums, as required by Labor Code §§ 201-203. Defendants refused and/or failed to promptly compensate Plaintiffs and the California Class wages owed as a result of Plaintiffs and the California misclassified as independent contractors, including minimum wage, as well as pay overtime compensation as a result of working in excess of eight (8) hours per day and/or forty (40) hours per week and/or double-time compensation. Pursuant to Labor Code § 203, such Plaintiffs and the California Class members seek the payment of penalties pursuant to Labor Code § 203, according to proof.

94.     Accordingly, Plaintiffs and the Plaintiffs Class members are entitled to attorney's fees, and costs, pursuant to Labor Code § 203 and prejudgment interest.

///
///
///
///
///
///

**EXHIBIT A-1**

**XV.**

**TENTH CLAIM FOR RELIEF**

**FAILURE TO REIMBURSE FOR NECESSARY EXPENDITURES LABOR CODE 2802**

**(PLAINTIFFS AND CALIFORNIA CLASS AGAINST ALL DEFENDANTS)**

95.     Plaintiffs and Plaintiffs Class incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

96.     Cal. Labor Code §2802, states "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties...."

97.     As a result of Defendants intentional and unlawful misclassification of Plaintiffs and the California Class, Plaintiffs and Plaintiffs Class were not reimbursed by Defendants for necessary expenditures as a direct consequence of the discharge of their duties.

98.     Defendants knowingly, willingly and intentionally attempted to offset the cost of doing business on the Plaintiff and the California Class by misclassifying them as Independent Contractors.

99.     Defendants have a corporate practice and policy of requiring Plaintiffs and Plaintiffs Class to shoulder the burden of Defendant's cost of doing business by failing to reimburse Plaintiffs and Plaintiffs Class for necessary expenditures and/or forcing them to lease from Defendants specialized equipment.

100.     Accordingly, Plaintiffs and the California Class are entitled to an award of "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees and interest.

**XVI.**

**ELEVENTH CLAIM FOR RELIEF**

**UNFAIR COMPETITION**

**(PLAINTIFFS AND CALIFORNIA CLASS AGAINST ALL DEFENDANTS)**

101.     Plaintiffs and Plaintiffs Class incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

**EXHIBIT A-1**

102. California Business and Professions Code §§ 17200 et. seq. (also referred to herein as the "Unfair Business Practices Act" or "Unfair Competition Law") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

103. California Business and Professions Code §17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the UCL.

104. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees is not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

105. Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this complaint including but not limited to violations of Labor Code §§ 204, 1197, 1198 of the 226.7 and 512 as well as other statutes.

106. The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 et. seq.

107. The acts and practices described above constitute unfair, unlawful and fraudulent

108. Business Practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 et. seq. Among other things, the acts and practices have forced Plaintiff and other similarly situated workers to labor for many hours in a row without receiving the meal and rest periods and overtime compensation, to which they is entitled by law, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

109. As a result of Defendants' acts, Plaintiffs have suffered injury in fact in being denied their statutorily entitled meal and rest periods and full compensation for hours of labor. As a result of

**EXHIBIT A-1**

1  Defendants' unlawful acts of unfair competition, Plaintiffs have lost money and property in the form of a
2  loss of wages in an amount to be proven at trial.

3  110.    As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the
4  California Class have suffered a loss of wages in an amount to be proven at trial.

5  111.    Business and Professions Code §§ 17203 provides that a court may make such orders or
6  judgments as may be necessary to prevent the use or employment by any person of any practice which
7  constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from
8  repeating their unlawful, unfair and fraudulent business acts and business practices alleged above.

9  112.    Business and Professions Code §§ 17203 provides that the Court may restore to any person in
10  interest any money or property that may have been acquired by means of such unfair competition.
11  Plaintiffs and the California Class is entitled to restitution pursuant to Business and Professions Code §
12  17203 for all wages and payments unlawfully withheld from employees, including the fair value of the
13  meal and rest periods taken away from them, during the four-year period prior to the filing of this
14  complaint.

15  113.    Business and Professions Code §17202 provide: "Notwithstanding Section 3369 of the Civil
16  Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case
17  of unfair competition." Plaintiff and the California Class are entitled to enforce all applicable penalty
18  provisions of the Labor Code pursuant to Business and Professions Code §17202.

19  114.    Plaintiffs' success in this action will enforce important rights affecting the public interest and in
20  that regard Plaintiffs sue on behalf of the general public as well as themselves and others similarly
21  situated. Plaintiffs and the California Class seek and are entitled to restitution, civil penalties, declaratory
22  and injunctive relief, and all other equitable remedies owing them.

23  115.    Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a
24  financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it
25  would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorney's fees from
26  the recovery in this action. Attorneys' fees is appropriate pursuant to Code of Civil Procedure § 1021.5
27  and otherwise.

28  ///

**EXHIBIT A-1**

| | |
|---|---|
| 1 | **XVII.** |
| 2 | **PRAYER FOR RELIEF** |
| 3 | 116. Plaintiffs, on behalf of themselves, and on behalf of all others members of the general public |
| 4 | similarly situated, pray for relief and judgment against Defendants as follows: |
| 5 | **Class Certification** |
| 6 | 117. That the Nationwide Collective Class be designated a collective action and notice issued |
| 7 | pursuant to 29 U.S.C. §216(b) to all similarly situated individuals with instructions to permit them to |
| 8 | assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § |
| 9 | 216(b). |
| 10 | 118. That Plaintiffs be appointed as the representatives of the Nationwide Collective Class; |
| 11 | 119. That Counsel for Plaintiffs be appointed as Counsel for the Nationwide Collective Class. |
| 12 | 120. That the Court determines that this action may be maintained as a class action under Federal |
| 13 | Rule of Civil Procedure 23; |
| 14 | 121. That Plaintiffs be appointed as the representatives of the California Class; and |
| 15 | 122. That Counsel for Plaintiffs is appointed as Counsel for the California Class. |
| 16 | **As to the First Claim for Relief** |
| 17 | 123. For general and unpaid wages at overtime wage rates; |
| 18 | 124. For liquidated damages equal to the amount of unpaid compensation; |
| 19 | 125. For pre-judgment interest on any unpaid overtime compensation from the date such amounts |
| 20 | were due; |
| 21 | 126. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to the FLSA, 29 |
| 22 | U.S.C. §216(b); |
| 23 | 127. For injunctive relief; and |
| 24 | 128. For such other and further relief as the Court may deem appropriate. |
| 25 | **As to the Second Claim for Relief** |
| 26 | 129. For general unpaid minimum wages; |
| 27 | 130. For liquidated damages equal to the amount of unpaid compensation; |
| 28 | 131. For pre-judgment interest on any unpaid minimum wages from the date such amounts were due; |

**EXHIBIT A-1**

132. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to the FLSA, 29 U.S.C. § 216(b);

133. For injunctive relief; and

134. For such other and further relief as the Court may deem appropriate.

### As to the Third Claim for Relief

135. For damages according to proof, as set forth in Labor Code §§ 510 and 1194, et seq., (and applicable California Industrial Welfare Commission wage orders) regarding wages due and owing;

136. For reimbursement of the appropriate withholding of federal, state, and local income taxes based upon a flat rate withholding for supplemental wage payments in accordance with Treas. Reg. §31.3402(g)1(a)(2) as amended or supplemented, and any corresponding state or local law, and the Class Members' share of FICA, Medicare, and state and local employment taxes that was improperly not paid by Defendants as a result of the "independent contractor" classification;

137. For pre-judgment interest as allowed by Labor Code § 1194 and California Civil Code § 3287(b), for waiting time penalties as authorized by Labor Code Labor § 203, and for reasonable attorneys' fees;

### As to the Fourth Claim for Relief

138. For damages, as set forth in Labor Code §1194, et seq. and the IWC Wage Order(s) regarding wages due and owing according to proof;

139. For liquidated damages on the minimum wage, straight time portion of uncompensated hours of work (not including overtime portion thereof), as authorized by Labor Code §1194.2(a);

140. For pre-judgment interest as allowed by Labor Code §218.6 and §1194(a), California Civil Code ("CC") 3287(b) and §3289;

141. For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and §1194(a);

### As to the Fifth Claim for Relief

142. For damages, as set forth in Labor Code §1194, et seq. and the IWC Wage Order(s) regarding wages due and owing according to proof;

143. 131.For liquidated damages on the minimum wage, straight time portion of uncompensated hours of work (not including overtime portion thereof), as authorized by Labor Code §1194.2(a);

**EXHIBIT A-1**

1    144.    132.For pre-judgment interest as allowed by Labor Code §218.6 and §1194(a), California Civil

2    Code ("CC") 3287(b) and §3289;

3    145.    133.For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and

4    §1194(a);

5                                **As to the Sixth Claim for Relief**

6    146.    One (1) hour of pay at each of the Class' regular rate of compensation for each workday that a

7    meal break was not provided, impeded, discouraged and/or dissuaded;

8                              **As to the Seventh Claim for Relief**

9    147.    One (1) hour of pay at each of the Class' regular rate of compensation for each workday that a

10   rest break was not provided, impeded, discouraged and/or dissuaded;

11                              **As to the Eighth Claim for Relief**

12   148.    A statutory penalty of $500.00 for Plaintiffs and each Class Member pursuant to Labor Code §

13   1174.5

14   149.    For the greater of all actual damages, or fifty dollars ($50.00) for the initial pay period in which

15   the violation occurs and one hundred dollars ($100.00) per Class Member for each violation in a

16   subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

17   150.    For an award of penalties, costs and reasonable attorneys' fees pursuant to pursuant to Labor

18   Code §226(h);

19                                **As to the Ninth Claim for Relief**

20   151.    For waiting time penalties for all former Class Members not timely paid their last pay check

21   pursuant to pursuant to Labor Code §203;

22                                **As to the Tenth Claim for Relief**

23   152.    For indemnification for all necessary expenditure or losses incurred by the all Class Members

24   during the Class Period;

25                              **As to the Eleventh Claim for Relief**

26   153.    For an order preliminarily and permanently enjoining Defendants from engaging in the practices

27   challenged herein;

28

**EXHIBIT A-1**

154. An order for full restitution of all monies, as necessary and according to proof, to restore any and all monies withheld by Defendants by means of the unfair practice complained of herein. Plaintiff seeks, on behalf of the putative class, the appointment of a receiver, as necessary. The restitution includes all monies retained as wages, as defined in Labor Code §§ 201, 202, 205, 510 and 1194, and interest, and attorneys' fees as a result of the unfair business practices;

155. For an order finding and declaring that Defendants' acts and practices as challenged herein are unlawful, and unfair and/or fraudulent;

156. For an accounting, under administration of Plaintiffs and subject to Court review, to determine the amount to be returned by Defendant and the amounts to be refunded to members who are or were not paid all their wages due to Defendants' unfair business practices;

157. For creation of an administrative process wherein each injured current and former Class Member receives his or her back wages in the form of regular wages, overtime wages, or alternatively that each current or former eligible employee may submit a claim in order to receive his/her money;

158. For all other appropriate declaratory and equitable relief;

159. For pre-judgment interest to the extent permitted by law;

160. For an order requiring Defendant to identify, by name, address and telephone number of each person who was misclassified as an Independent Contractor for Defendants from four years prior to filing of this Complaint through the time of judgment;

### As to All Claim for Relief

161. For reasonable costs incurred; and

162. For such other and further relief as this Court may deem just and proper.

Dated: April ___, 2014

MAHONEY LAW GROUP, APC

By: _____

Kevin Mahoney, Esq.
Attorney for Plaintiffs and on behalf of all others similarly situated

EXHIBIT A-1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Gladstone Business Investment, LLC, a Delaware Company; See Attachment

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Clarence Walder, Sheila Walder individually and on behalf of all others similarly situated,

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 25 2014

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* County of Los Angeles | *(Número del Caso):* 4 3 7 6 4 |

Central District - Stanely Mosk Courthouse
111 N. Hill St., Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Mahoney, Mahoney Law Group; 249 E. Ocean Blvd Ste. 814 Long Beach, CA 90802; 562-592-5550

| DATE: | SHERRI R. CARTER | Clerk, by | MYRNA BELTRAN | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

APR 25 2014

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* See attachment

under: ☑ CCP 416.10 (corporation)
☐ CCP 416.20 (defunct corporation)
☐ CCP 416.40 (association or partnership)

☐ CCP 416.60 (minor)
☐ CCP 416.70 (conservatee)
☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A-1**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Walder, et al. v. Gladston Business Investment, LLC, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

Gladstone Business Investment, LLC, a Delaware Company, George McCabe, an individual, Gladstone Capital Corporation, a Maryland Corporation, Gladstone Investment Corporation, a Delaware Corporation, Pine Creek Partners, a Delaware Limited Liability Company, PharMerica Corporation, a Kentucky Corporation, and Factory Motor Parts, a Minnesota Corporation and Does 1 through 50

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

# EXHIBIT A-1