UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE WALDER and SHEILA WALDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMERICA, INC., a Delaware corporation, ELLIOTT AUTO SUPPLY CO., INC. d/b/a FACTORY MOTOR PARTS, a Minnesota corporation<br><br>Defendants. | Case No. 14-CV-5554 FMO (FFM)<br><br>Assigned for All Purposes to Honorable Fernando M. Olguin<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER<br><br>Date Filed: April 25, 2014<br><br>Action Removed: July 17, 2014 |

Upon consideration of the parties' Stipulated Protective Order, and good cause appearing, IT IS HEREBY ORDERED that the Stipulated Protective Order be and hereby is entered, pursuant to Fed. R. Civ. Proc. 26(c). The Stipulated Protective Order be and hereby is entered, pursuant to Fed. R. Civ. Proc. 26(c). The Stipulated Protective Order as entered is as follows:

1. This Protective Order Governing the Production and Exchange of Confidential Information (the "Protective Order") shall apply to all materials and information designated as confidential under Paragraph 2 and produced by the parties during the course of discovery and to all copies, excerpts, or summaries of the documents produced, including, without limitation, documents or information produced pursuant to Rules 26, 33 or 34 of the Federal Rules of Civil Procedure, or by

1 informal request or agreement, answers to interrogatories or requests for admissions,
2 documents subpoenaed in connection with deposition testimony, and deposition
3 transcripts (hereinafter referred to collectively as "Discovery Material(s)").

4     2.    Any party who produces or discloses any information in discovery may
5 designate materials or portions thereof not previously disclosed to the public by the
6 producing party and not subject to any other protective or confidentiality order as
7 "CONFIDENTIAL." Discovery Materials that may be designated as
8 "CONFIDENTIAL" are limited to: (1) financial information not publicly filed with
9 any federal or state regulatory authority or otherwise publicly available; (2) trade
10 secret information as defined under state or federal law; (3) tax, medical, or other
11 private information relating to current or former employees or independent contractors
12 of Defendant; (4) proprietary and/or confidential business information as defined
13 under California state or federal law, including sales, marketing, licensing, operational
14 or other proprietary information not otherwise publicly available; (5) materials and
15 data relating to a specifically named individual, the disclosure of which may
16 constitute an unwarranted invasion of personal privacy; and (6) information relating to
17 non-public administrative or regulatory proceedings.

18     3.    Discovery Material designated "CONFIDENTIAL" (hereinafter
19 "Confidential Discovery Material" included as part of any court filing shall be filed
20 pursuant to the Honorable Fernando M. Olguin's "Under Seal Pilot Program
21 Procedures" (as governed by the Court's *CM/ECF User Manual* and all other
22 applicable rules). A party designating Discovery Material as "CONFIDENTIAL"
23 may, at its discretion, provide the receiving party with a written explanation of the
24 good cause and compelling reasons why the court should protect such material
25 through filing under seal, and the receiving party must include that written
26 explanation in its written identification and discussion of the factual and legal
27 justification for filing under seal pursuant to the "Pilot Program Procedures"
28

**[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

referenced above. Any non-party from whom Discovery Material is sought in this case may also designate the produced Discovery Material as "CONFIDENTIAL" pursuant to this Protective Order.

4. Confidential Discovery Material shall not be disclosed by any means to any person or entity for any other purpose whatsoever except the prosecution or defense of this case.

5. Confidential Discovery Material may only be disclosed to the following persons:

    a) Attorneys of record or in-house counsel for the parties in this action and the staff of their respective law firms or in-house legal departments working on this case;
        i. In-house counsel shall take appropriate steps to segregate Confidential Discovery Material from other company and department records and to limit access to such materials only to members of their in-house legal staff;
    b) Experts or consultants for each party retained for the purpose of assisting counsel in this proceeding or testifying at the hearing, to the extent deemed necessary in good faith by the retaining counsel to enable a consultant or expert to evaluate the proposed retention and/or provide such assistance or testimony, including such clerical personnel of each such consultant or expert required to carry out duties assigned to them by each consultant or expert;
    c) Named parties, or officers, directors, partners, and employees of a party who are reasonably necessary to assist counsel in this case;
    d) Persons noticed for depositions or designated as trial witnesses (and their counsel, if any) to the extent reasonably deemed by counsel to be necessary in good faith in connection with that person's testimony or

[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER

counsel's preparation of their case;

e) The Court and Court personnel in accordance with the Honorable Fernando M. Olguin's "Under Seal Pilot Program Procedures";

f) Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case;

g) Outside photocopying, data processing or graphic services employed by a party or its counsel to assist in this litigation; and

h) Any person who authored or received the particular information sought to be disclosed to that person.

6. Before disclosing Confidential Discovery Material to persons within the categories in: (i) Paragraphs 5(d) and (h), but who do not otherwise also fall into the category in Paragraph 5(c), and (ii) Paragraph 5(b), the attorney disclosing the materials shall advise such persons of the restrictions of this Protective Order and obtain written assurance in the form attached as <u>Exhibit A</u> that such person will be bound by its provisions.

7. All Confidential Discovery Material shall be designated and stamped "CONFIDENTIAL" prior to its production. In the event that a party inadvertently fails to properly designate any Confidential Discovery Material, such inadvertent disclosure shall not constitute a waiver of any claim of confidentiality so long as the producing party within fifteen (15) calendar days of becoming aware of such disclosure makes such a designation by notifying the receiving party in writing to be followed by a re-production of the documents with the proper designation. Upon receipt of such written notice, the receiving party shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice. Disclosure of Discovery Material prior to the date of this stipulation does not constitute a waiver of any claim of confidentiality and Discovery Material disclosed prior to the date of this stipulation

**[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

1  may be designated as "CONFIDENTIAL" within fifteen (15) calendar days of the
2  execution of this stipulation by notifying the receiving party in writing to be followed
3  by a re-production of the documents with the proper designation. Upon receipt of
4  such written notice, the receiving party shall treat information contained in said
5  documents and materials and any summaries or notes thereof as appropriately marked
6  pursuant to the producing party's notice.

7      8. In accordance with Local Rule 79-5.1, if any papers to be filed with the
8  Court contain information or documents that have been designated as
9  "CONFIDENTIAL" the proposed filing shall be accompanied by an application to file
10 the papers or the portion thereof containing the designated information or documents
11 (if such portion is segregable) under seal; and the application shall be directed to the
12 judge to whom the papers are directed.

13     9. The designation of confidential information in a document or discovery
14 pleading (e.g. an interrogatory response) shall be made on a page-by-page basis. To
15 designate a page in a document or discovery pleading as containing confidential
16 information, a party shall mark that page with the legend: CONFIDENTIAL.

17     10. Any copies or excerpts made of any confidential information or any
18 abstract, summary or memorandum containing information designated as confidential
19 shall be marked on each page with the legend: CONFIDENTIAL.

20     11. If any party to this litigation or any non-party disagrees with designation
21 of any information as "CONFIDENTIAL," it shall attempt through a meet-and-confer
22 process to resolve the disagreement with the designating party. If the dispute cannot
23 be resolved, the party or nonparty opposing the designation may apply for appropriate
24 relief to this Court, which will be permitted to conduct an *in camera* inspection of the
25 challenged materials. The designating party shall have the burden of establishing that
26 the information is entitled to confidential treatment. Any documents or other materials
27 that have been designated "CONFIDENTIAL" shall be treated as confidential until
28

[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER

1  such time as the Court rules that such materials should not be treated as such.

2      12.    This Protective Order shall not prevent any Confidential Discovery
3  Material from being used by the Court or counsel at any hearing in this action or from
4  being offered and received into evidence, provided that such use is made only in
5  accordance with such appropriate procedures as may be approved by the Court. The
6  parties shall attempt to reach agreement regarding the procedures to be recommended
7  to the Court.

8      13.    Independent experts and consultants authorized to view Confidential
9  Discovery Material under the terms of this Protective Order may retain custody of
10 such copies as are necessary for their participation in this action, but only through the
11 pendency of this litigation, and at the conclusion of this action must return all
12 materials to the producing or disclosing party or destroy the designated documents in
13 a mutually agreeable manner. Other appropriate recipients receiving such materials
14 from counsel shall not retain copies of such materials but shall, instead, return such
15 materials to counsel who produced or disclosed the Confidential Discovery Material
16 to the recipient within a reasonable period of time after counsel has determined in
17 good faith that the recipient's assistance in the litigation is no longer needed or
18 destroy the designated documents in a mutually agreeable manner. Within sixty (60)
19 days after the conclusion of trial and all appeals or any other termination of this
20 action, all Confidential Discovery Material shall be returned to the producing party or
21 destroyed in a mutually agreeable manner, and all excerpts and summaries thereof
22 shall be destroyed. The prohibitions of this Protective Order that restrict the
23 disclosure and use of Confidential Discovery Material shall continue to be binding
24 after the conclusion of this proceeding. The parties and any other person obtaining
25 access to Confidential Discovery Material pursuant to this Protective Order agree that
26 the Court shall retain jurisdiction following judgment or dismissal to enforce the terms
27 hereof. Notwithstanding the above, counsel of record for each party will be permitted
28

[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER

to keep one copy of all Confidential Discovery Material to maintain in their respective files.

14. Any party or interested member of the public may challenge the sealing of a document from the public record. The burden of persuasion shall be governed by Rule 26 of the Federal Rules of Civil Procedure.

15. Nothing in this Protective Order shall restrict the use or disclosure by any party of its own Confidential Discovery Material. Using Confidential Discovery Material in a non-confidential manner, as detailed per this stipulation, shall constitute a waiver of confidential status.

16. If some of the same information or materials that have been designated as "CONFIDENTIAL" under the terms of this Protective Order appear or are found in a publicly available forum without violation of Paragraph 5 of this Protective Order on the part of the receiving party herein, then such information or materials shall no longer be subject to the restrictions of this Protective Order.

17. If a person or entity in possession of Confidential Discovery Material is served with a subpoena or demand for production of such materials from a court, administrative, legislative, or other governmental body, the recipient shall give written notice as soon as possible to the attorneys for the producing or disclosing party, and in no instance later than five (5) days of receipt of the subpoena or demand. In the event that a subpoena or demand purports to require production of such Confidential Discovery Materials in less than ten (10) days from the recipient's receipt of the notice, the person or entity to whom the subpoena or demand is directed shall give immediate telephonic notice of the receipt of such subpoena or demand and transmit a copy thereof by facsimile, electronic mail, or for next day delivery, to the attorneys for the producing or disclosing party. The person or entity in possession of such Confidential Discovery Material shall remain neutral regarding any attempt of the producing or disclosing party to have the subpoena or demand quashed or modified by

[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER

the compelling authority and shall, to the extent consistent with law, retain possession and, where possible, not produce the subject Confidential Discovery Material until any such attempt is resolved or until ordered to do so by a court.  Good faith compliance with a lawful subpoena shall not be deemed a violation of this Protective Order.

**IT IS SO ORDERED.**

Dated: 1-28-15

_____
HON. FREDERICK F. MUMM
U.S. MAGISTRATE JUDGE

[PROPOSED] ORDER FOR ENTRY OF STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE WALDER and SHEILA WALDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMERICA, INC., a Delaware corporation, ELLIOTT AUTO SUPPLY CO., INC. d/b/a FACTORY MOTOR PARTS, a Minnesota corporation<br><br>Defendants. | Case No. 14-CV-5554 FMO (FFM)<br><br>Assigned for All Purposes to Honorable Fernando M. Olguin<br><br>CLASS ACTION<br><br><br>Date Filed: April 25, 2014<br><br>Action Removed: July 17, 2014 |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____   Employer: _____

Business Address: _____

Date: _____   Signature: _____